IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JUAN C. DeLARA-LEDEZMA,

Petitioner,

v.

WARDEN EMMERICH,

Respondent.

OPINION and ORDER

26-cv-738-jdp

---

Petitioner Juan C. DeLara-Ledezma, proceeding without counsel, seeks relief under 28 U.S.C. § 2241. He is incarcerated at the Federal Correctional Institution in Oxford, and he contends that the Bureau of Prisons is refusing to apply credits under the First Step Act (FSA) because of an immigration detainer lodged against him by U.S. Immigration and Customs Enforcement. DeLara-Ledezma has not yet paid the filing fee or submitted a trust fund account statement, *see* Dkt. 2, but I will consider the petition now because DeLara-Ledezma says that it is time sensitive.

I must preliminarily review the petition under Rule 4 of the Rules Governing Section 2254 Cases, which applies to § 2241 cases. *Keller v. Watson*, 740 F. App'x 97, 97 (7th Cir. 2018). Rule 4 authorizes me to dismiss a habeas petition summarily if "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Some of DeLara-Ledezma's claims fail as a matter of law and others are not adequately supported. So I will dismiss the petition but allow DeLara-Ledezma to file an amended petition if he believes he can correct the defects identified in this order.

Prisoners who are subject to a final order of removal are not eligible to receive FSA credits. 18 U.S.C. § 3632(d)(4)(E)(i). A detainer on its own does not preclude eligibility, but,

"[i]n the court's experience, detainer action letters are typically based on final orders of removal." *Javier Reyna v. Emmerich*, No. 26-cv-721-jdp, 2026 WL 2517338, at *1–2 (W.D. Wis. Aug. 26, 2026).

In this case, DeLara-Ledezma's petition does not say clearly whether he is subject to a final order of removal, but he suggests that he is because he criticizes decisions of the immigration court. Dkt. 1, at 4. Also, a bureau document attached to his complaint refers to a final order of removal. Dkt. 1-3, at 2. If DeLara-Ledezma is *not* subject to a final order of removal, he may file an amended petition clarifying that, along with any evidence he has to support his allegation. If the immigration court decisions are not about a final order of removal, DeLara-Ledezma should explain what they were about instead. Any amended petition should also identify how many credits DeLara-Ledezma believes he qualifies for and what his release date should be, and he should provide any evidence he has to support his calculation.[1]

DeLara-Ledezma also appears to be raising two other claims: (1) he did not receive due process in his deportation proceedings; and (2) the detainer is falsified. The first contention is based on an assumption that DeLara-Ledezma is in fact subject to a final order of removal. If that is the case, I do not have jurisdiction over the claim because only the court of appeals can review final orders of removal. 8 U.S.C. § 1252(a)(5); *Reyna*, 2026 WL 2517338, at *1.

The claim alleging a false detainer fails because DeLara-Ledezma has provided no basis to support it. Habeas petitions must cross "some threshold of plausibility." *Harris v. McAdory*,

[1] DeLara-Ledezma admits that he did not exhaust his administrative remedies. Exhaustion is generally required, *Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004), but I may excuse a failure to exhaust when requiring exhaustion would cause prejudice because of the time required, *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004). In this case, DeLara-Ledezma's failure to exhaust is not an independent ground for dismissal because he says his projected release date, even without the credits, is two months away.

334 F.3d 665, 669 (7th Cir. 2003); *Dellenbach v. Hanks*, 76 F.3d 820, 822 (7th Cir. 1996). A conclusory allegation is not enough. So I will dismiss both claims.

## ORDER

IT IS ORDERED that Juan C. DeLara-Ledezma's petition under 28 U.S.C. § 2241 is DISMISSED without prejudice. DeLara-Ledezma may have until September 14, 2026, to file an amended petition that addresses the problems identified in this order. If DeLara-Ledezma does not respond by then, I will direct the clerk of court to enter judgment and close the case.

Entered August 28, 2026.

BY THE COURT:

/s/

JAMES D. PETERSON
District Judge